```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      **v.**                              **CRIMINAL NO. 1:17CR52**
                                                        **(KLEEH)**

**ROGER DALE LAMAR,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Pending before the Court is pro se motion for compassionate release filed by Defendant Roger Lamar ("Lamar") [ECF No. 68]. For the reasons discussed herein, the Court **DENIES** the motion.

### I.    BACKGROUND AND PROCEDURAL HISTORY

On December 17, 2017, Lamar pleaded guilty to Unlawful Possession of a Firearm as alleged in Count One of the Indictment. On May 16, 2018, the Court sentenced Lamar to a term of 95 months and 18 days of incarceration, to run concurrently with any state sentence imposed. The Court also sentenced him to three years of supervised release and the $100.00 special assessment. Lamar filed a pro se motion for compassionate release and the Government responded in opposition. ECF Nos. 68, 71. Lamar is not in BOP custody and is currently incarcerated at Pruntytown Correctional

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE**

Center, with a projected release date of February 27, 2025.[1]

## II.  ARGUMENTS BY THE PARTIES

Lamar argues that his early release is warranted because he is an elderly offender who has served two-thirds of his sentence without any infraction. He writes that he is a "rehabilitated man and a work in progress," has held a job throughout his sentence of incarceration, and has completed classes available to him. Lamar did not state whether he submitted a request for compassionate release to the Warden.

In response, the Government argues that Lamar is ineligible for elderly offender release under 34 U.S.C. § 60541(g) because he is not yet in the BOP's custody, and even if he was eligible for such relief, he has not exhausted his administrative remedies pursuant to 18 U.S.C. § 3582. Alternatively, the Government argues that Lamar has not established extraordinary and compelling reasons for his release.

## III. DISCUSSION

To be eligible for release as an eligible elderly offender, an inmate must, at minimum, be in a Bureau of Prisons facility. 34 U.S.C. § 60541(g). Because Lamar is not in the custody of the BOP, and is instead serving his sentence at the Pruntytown

---

[1] https://www.bop.gov/inmateloc/

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE**

Correctional Center in Grafton, West Virginia, he is ineligible for release as an elderly offender. The Court need not address the remaining factors of eligibility. See 34 U.S.C. § 60541(g)(5)(A)(i)-(vii).

The district court is authorized to reduce a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Upon receiving a motion for compassionate release, the district court

> may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Id. Prior to the First Step Act of 2018 (the "First Step Act"), "district courts could only reduce a term of imprisonment under § 3582(c)(1)(A) 'upon motion of the Director of the Bureau of Prisons.'" United States v. Kibble, 992 F.3d 326, 329-30 (4th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A) (2002)). In the First Step Act, Congress allowed federal inmates to file motions for compassionate release directly with the district court after they have exhausted their administrative remedies. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

A defendant filing a motion for compassionate release must

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE**

have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or there must be a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement is non-jurisdictional "and thus waived if it is not timely raised." United States v. Muhammad, 16 F.4th 126, 129-30 (4th Cir. 2021) (citation omitted) (finding the district court in error by sua sponte dismissing a motion for compassionate release based on the threshold requirement).

Here, Lamar lacks eligibility to seek early release because he is not in BOP custody. Even if he were in BOP custody, "[n]o Administrative Remedy data exist for inmate Lamar[.]" ECF No. 71-1. Lamar has not provided any evidence or proof that he submitted such a request. Counsel for the Government has conferred with counsel for the Bureau of Prisons, who has confirmed that Lamar made no such request. As such, Lamar has failed to exhaust his administrative remedies before filing a motion with this Court.

**IV. CONCLUSION**

For the reasons discussed above, Lamar's motion for compassionate release is **DENIED WITHOUT PREJUDICE** [ECF No. 68].

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Memorandum

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE**

Opinion and Order to counsel of record via email and to Lamar via certified mail, return receipt requested.

**DATED:** October 10, 2023

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA